

**FILED**
**Aug 05, 2021**
**11:28 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **ALFREND JONES,** | ) | **Docket No. 2020-08-0726** |
| **Employee,** | ) | |
| **v.** | ) | |
| **F S SPERRY CO., INC.,** | ) | **State File No. 442-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **AMERISURE MUTUAL INS. CO.,** | ) | **Judge Allen Phillips** |
| **Carrier.** | ) | |

## COMPENSATION HEARING ORDER DISMISSING CASE

This case came before the Court for a Compensation Hearing on July 21, 2021. For the following reasons, the Court dismisses the case.

### History of Claim

On December 18, 2019, Mr. Jones sustained an injury, and Sperry provided medical treatment. On March 3, 2020, the authorized physician placed Mr. Jones at maximum medical improvement and assessed a permanent impairment rating. Sperry then attempted to settle the case with Mr. Jones as required by Tennessee Code Annotated section 50-6-207(3)(A), which states that, at the time the injured employee reaches maximum medical improvement, the injured employee "shall be paid" benefits equal to his impairment rating.

Mr. Jones did not respond, so Sperry filed a Petition for Benefit Determination on July 22, 2020, and listed the only issue as: "We have attempted to settle claim with Employee but Employee will not advise if he is represented by an attorney and will not contact Employer/Carrier's attorney to discuss settlement." The parties did not resolve the case in mediation so the mediator issued a Dispute Certification Notice listing the only issue as, "employee will not respond to attorney's offer of settlement."

Neither party filed a request for hearing within sixty days after issuance of the Dispute Certification Notice. Thus, the Court entered a Show Cause Order on December 18 ordering that the parties appear and state why the Court should not dismiss the case.

1

At a Show Cause Hearing on January 5, 2021, Mr. Jones did not appear, and the Court announced it would dismiss the case without prejudice. However, before the Court could enter a dismissal order, Mr. Jones contacted an Ombudsman with the Bureau's Mediation and Ombudsman Services. The Ombudsman then contacted the Court to advise that Mr. Jones misinterpreted the time of the show cause hearing because of the difference between Eastern Time and Central Time. Based on Mr. Jones's communication, the Court did not enter an order of dismissal but instead reset the Show Cause Hearing for January 20.

On January 20, Mr. Jones appeared and stated he was consulting with an Ombudsman and also stated that he wanted to speak with an attorney. Based on those statements, the Court set aside its oral dismissal and allowed Mr. Jones until January 29 to file a request for a hearing. He filed a request but failed to include four agreed upon dates for a hearing as required. Nevertheless, considering Mr. Jones's status as a self-represented litigant, the Court allowed the case to proceed.

At a hearing on February 8, the Court declined to enter a Scheduling Order based again on Mr. Jones's statement that he wanted to consult with an attorney regarding Sperry's settlement offer. The Court advised Mr. Jones that it would allow him additional time, but it would set the case for trial at the next hearing.

On March 1, the Court entered a Scheduling Order that set the July 21 Compensation Hearing.[1] After the Court entered the Scheduling Order, Mr. Jones filed nothing in support of his claim, as the Scheduling Order required. As noted, he did not appear for the hearing, and Sperry moved for dismissal. Mr. Jones contacted the Court eight days later, on July 29, when he called the Court's staff and said he was unaware of the Compensation Hearing.

**Findings of Fact and Conclusions of Law**

Mr. Jones chose to represent himself, which is his right. However, unrepresented litigants must comply with the same standards to which represented parties must adhere. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). Further, Tennessee Code Annotated section 50-6-216 requires that the Court apply the law fairly and impartially, favoring neither the employee nor the employer. Here, the Court must follow that directive in the context of two statutory provisions and the applicable procedural rules.

First, under Tennessee Code Annotated section 50-6-207(3)(A), the employer shall pay the employee, at the time he reaches maximum medical improvement, permanent disability benefits equal to his impairment rating. Sperry attempted to do so, but Mr. Jones neither communicated his acceptance of those benefits nor did he advise Sperry's counsel if he was represented by an attorney. The failure to communicate prompted Sperry to file this case.

---

[1] The Court attaches all referenced orders in the attached Appendix.

2

Second, if Mr. Jones had accepted the benefits Sperry offered, Tennessee Code Annotated section 50-6-240 requires Court approval of the settlement. Specifically, under that section, a settlement is binding on the parties only if reduced to writing and determined by the Court to provide substantially the benefits to which the employee is entitled. Had Mr. Jones communicated with Sperry, the parties might have signed a settlement agreement and presented it to the Court for approval. Mr. Jones might have accepted the offered benefits at any of the hearings described above, and the Court might have held an approval hearing at any time during the one-year pendency of the case.

Third, Tennessee Rules of Civil Procedure 41.02(1) states three separate grounds for involuntary dismissal: failure to prosecute, to comply with the rules, and to comply with court orders. All three grounds apply here.

Namely, Mr. Jones did not prosecute his case. Under Tennessee Code Annotated section 50-6-239, the *employee* bears the burden of proving every element of his case by a preponderance of the evidence. If Mr. Jones believed he was entitled to more benefits than those based on the authorized physician's rating, he had ample opportunity to pursue them. The Court particularly notes his statements made at several hearings regarding consultation with an Ombudsman and seeking legal counsel.

Next, Mr. Jones did not comply with the rules. He filed no documentation supporting an award of benefits in excess of the treating physician's rating and he did not appear for trial as required.

Finally, Mr. Jones did not comply with the order setting the case for trial. The Scheduling Order clearly stated the July 21 Compensation Hearing date. Moreover, at the Scheduling Hearing, the Court specifically discussed the date for the Compensation Hearing and set it by agreement of the parties. Based on the entire record, the Court finds no justification for Mr. Jones's failure to appear, or for why he failed to contact the Court for the first time until eight days after the hearing. Notably, all orders contain the same certificate of service, which lists the same addresses for Mr. Jones, both electronic and physical. At no time did he voice any inaccuracies regarding his address or that he failed to receive any of the Court's orders.

In summary, Rule 41.02 "is necessary to enable the court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test but determined to subject them to the continuing threat of an eventual judgment." *Osagie v. Peakload Temp. Serv*., 91 S.W.3d 326, 329 (Tenn. Ct. App. 2002). Those procedural safeguards apply here, and the Court, based on the entire record, exercises its discretion to dismiss the case.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court dismisses the case with prejudice to refiling.

2. Sperry shall pay $150 costs to the Court Clerk within five business days after this order becomes final under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (August, 2019).

3. Sperry shall prepare and submit to the Court Clerk a Statistical Data Form (SD2) within ten business days of this order becoming final.

4. Unless appealed, this order shall become final thirty days after issuance.

**ENTERED August 5, 2021.**

_Allen Phillips_____
**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on August 5, 2021.

| Name | USPS | Email | Service sent to: |
|---|---|---|---|
| Alfrend Jones, Employee | X | X | antonjones675@gmail.com 6478 Jameson Dr., Harlem, GA   30814 |
| Stephen Miller, Employer's Attorney | | X | smiller@mckuhn.com mdoherty@mckuhn.com |

_Penny Shrum_____
**Penny Shrum, Court Clerk**
Court of Workers' Compensation Claims

**APPENDIX**

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Order Setting Show Cause Hearing
4. Second Order Setting Show Cause Hearing
5. Order Setting Aside Dismissal and Granting Additional Time to File Hearing Request
6. Request for Scheduling Hearing
7. Status Hearing Order

8.  Scheduling Order
9.  Employer's Pre-Hearing Brief
10. Employer's Witness and Exhibit List
11. Post-Discovery Dispute Certification Notice



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fullycompleted Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation www.tn.gov/workforce/injuries-at-work/

wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____ **Employer**

Notice is given that _____ *[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date filestamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____ issued

by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*__ [Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support     $ _____ per month

Car     $ _____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)           RDA 11082